UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTISS M. JONES,<br><br>                    Plaintiff,<br><br>    v.<br><br>KING COUNTY JAIL, R. WILKS,<br><br>                    Defendants. | Case No. C14-542 TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Defendants King County Jail and Sergeant R. Wilks move for dismissal of Plaintiff Curtiss M. Jones' complaint on res judicata and statute of limitations grounds. Dkt. 11. Plaintiff's complaint mentions other jail personnel by name (Captain M.R., Major Hyatt, Jacob Gollighugh), but those names are not included in the caption and it does not appear that these additional parties have been served with process. Defendants King County Jail and Sergeant R. Wilks request that this matter be dismissed with prejudice as to these defendants as well. The Court recommends that the motion be granted because Plaintiff's claims are precluded by res judicata.

**FACTS AND PROCEDURAL HISTORY**

On March 21, 2013, Mr. Jones filed a lawsuit in King County Superior Court against the "King County Jail," Sgt. Wilks, "Captain M.Rz," Major Hyatt, and Jacob Gollihugh (the "King

REPORT AND RECOMMENDATION - 1

County Case"). Dkt. 11, Exhibit A (Sub. No. 1 -- Complaint, *Jones v. King County Jail et al.*, No. 13-2-14355-1 SEA). The complaint asserted a cause of action under 42 U.S.C. §1983 for a civil rights violation arising out of an alleged January 28, 2011 assault of plaintiff in the King County Jail by another inmate, Pierre Gaddy. Mr. Jones sought injunctive and declaratory relief, as well as compensatory and punitive damages. This Court may take judicial notice of documents filed in King County Superior Court. *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (district court "may take notice of proceeding in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (*quoting US ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992)); Fed R. Evid. 201.

On August 14, 2013, Mr. Jones noted a Motion for Injunctive relief in the King County Case. Dkt. 11, Exhibit A, Sub. No. 8. Defendants responded through a combined CR 12(b) Motion to Dismiss and Opposition to Injunctive Relief. *Id.* Ex. B (Sub. No. 10 – Defendants Motion to Dismiss and Response to Plaintiff's Motion, No. 13-2-14355-1 SEA)("Motion and Opposition"). Defendants argued that the complaint should be dismissed due to lack of service, lack of capacity to sue King County under state law, and failure to state a claim. Defendants argued that Mr. Jones' request for injunctive relief should be dismissed because it became moot when he was transferred to a Washington DOC facility. *Id.*, p. 2. King County Superior Court Judge Monica Benton denied Mr. Jones' motion for an injunction and granted Defendants' motion to dismiss. Dkt. 11, Ex. C (Sub. No. 17 – Order of Dismissal, p. 2). Mr. Jones did not appeal this order.

Mr. Jones' complaint in this action was signed on March 25, 2011. It was received by the Court on April 11, 2014 and after the Court granted Mr. Jones leave to proceed in forma pauperis

REPORT AND RECOMMENDATION - 2

(Dkt. 5), the complaint was formally docketed on April 24, 2014. Dkt. 6. In this complaint, Mr. Jones sues the King County Jail, Sgt. R. Wilks, Captain M.R., Major Hyatt, and Jacob Gollihugh, the same defendants named in the King County Case. He alleges that on January 28, 2011, he was assaulted by Pierre Gaddy, a mentally ill inmate who was known to be unusually dangerous. He claims that the King County Jail failed to properly protect him from the assault and improperly mix mentally ill inmates in with the general population. *Id.* As in the King County Case, Mr. Jones seeks declaratory relief and monetary damages. His complaint does not mention the prior dismissal of the King County Case.

## DISCUSSION

On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). The Court finds that this matter should be dismissed based on res judicata grounds because any plausible allegations against the Defendants have already been, or could have been, determined in state court.

**A.     Res Judicata**

Res judicata "precludes a party that has proceeded on federal claims in state court from relitigating those claims in federal court." *Adam Bros. Farming, Inc. v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010). In determining res judicata, federal courts apply the law of the state jurisdiction that issued the decision and give the same preclusive effect to that judgment as another court of that State would. *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523

REPORT AND RECOMMENDATION - 3

(1986).

Under Washington law, res judicata applies where a subsequent action consists of: (1) the same subject matter, (2) the same cause of action, (3) the same persons or parties, and (4) the same quality of persons for or against whom the decision is made as did a prior adjudication. *Williams v. Leone & Keeble, Inc*., 171 Wn.2d 726, 730, 254 P.3d 818, 821 (2011). Res judicata applies to matters actually litigated as well as those that "could have been raised, and in the exercise of reasonable diligence should have been raised, in the prior proceeding." *Kelly–Hansen v. Kelly–Hansen*, 87 Wn.App. 320, 328–329, 941 P.2d 1108 (1997).

The King County Case and this case involve the same parties and the same underlying factual incident. In fact, much of the pleading is identical. A dismissal for failure to state a claim on Rule 12(b)(6) grounds is a "judgment on the merits" to which res judicata applies. *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n.3. The King County Case was dismissed on various grounds, including the failure to state a claim upon which relief can be granted.

Because Mr. Jones is barred by res judicata from relitigating the same claims previously resolved in state court, the undersigned recommends that Defendants' motion to dismiss on res judicata grounds be **GRANTED**.

**B.     Statute of Limitations**

Defendants also argue that Mr. Jones' complaint should be dismissed because it was filed outside of the statute of limitations. Mr. Jones' § 1983 claims are subject to Washington State's three year statute of limitations. *Bagley v. CMC Real Estate Corp*., 923 F.2d 758, 760 (9th Cir. 1991). A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) when expiration of the statute of limitations is apparent on the face of the complaint. *Seven Arts Filmed Entm't Ltd. v.*

*Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).

The allegations in Mr. Jones' complaint arise from the January 28, 2011 assault by another inmate.  Under the mailbox rule, March 25, 2014 is the constructive filing date for purposes of the statute of limitations as it is the date Mr. Jones signed his complaint (Dkt. 1) and the earliest date on which he could have provided the complaint to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1108-1109 (9th Cir.2009) (Houston mailbox rule applies to Section 1983 complaints filed by pro se prisoners).  However, Mr. Jones also states in his complaint that the prison grievance process was not completed until March 28, 2011.  Dkt. 6, p. 5.  The statute of limitations is tolled while a prisoner exhausts his administrative remedies.  *See* 42 U.S.C. ¶ 1997e(a); *Woodford v. Ngo,* 548 U.S. 81, 88 (2006) (a prisoner must complete the administrative review process before challenging prison conditions in federal court).

Therefore, it is not apparent from the face of the complaint that this action was filed after expiration of the applicable statute of limitations and the undersigned recommends that Defendants' motion to dismiss on statute of limitations grounds be **DENIED**.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **June 23, 2014.**  The Clerk should note the matter for **June 26, 2014**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the

Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed 12 pages.  The failure to timely object may affect the right to appeal.

DATED this <u>2nd</u> day of June, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6